Turley, J.
delivered the opinion of the court.
The right of parents to chastise their refractory and disobedient children, is so necessary to the government of families and to the good order of society, that no moralist or law-giver has ever thought of interfering with its existence, or of calling upon them to account for the manner of its exercise upon light or frivolous pretences. But at the same time that the law has created and preserved this right, in its regard for the safety of the child it has prescribed bounds beyond which it shall not be carried.
In chastising a child, the parent must be careful that he does not exceed the bounds of moderation, .and inflict cruel and merciless punishment; if he do, he is a trespasser, and liable tobe punished by indictment. It is not, then, the infliction of punishment, but the excess which constitutes the offence, and what this excess shall be, is not a conclusion of law, but a question of fact for the determination of the jury.
*284 Bearing in mind this principle, let us examine the charge of the court below, and see whether this case has been properly submitted to the jury. The judge said, “If the jury believed that the defendants took hold of the child, and one of them struck the child with her fists, and pushed her head against the wall, and then led her off to another house, and with a stick or switch struck her, as she was led along, and that the defendants took the child into a room and tied her to a bed-post with a rope, and kept her tied there for two hours or even half an hour, and in that situation whipped her with a cowskin at different intervals, as described by witnesses, it would clearly exceed moderation and reason, and would be barbarous in the extreme.” Now, under this charge, what was leftfor the consideration of the jury? Surely nothing but the credibility of the witnesses. They were told, i f they believed them, then there was excess of punishment. Now, is not this making what constitutes excess of punishment a legal conclusion, instead of a question of fact, or is it not charging the jury upon the fact? Unquestionably it is.
By the constitution of this State, judges are permitted to state the testimony, and declare the law; but they are prohibited from instructing the jury upon the weight of the testimony, or as to the conclusion, to which it must bring their minds. This is peculiarly the province of the jury itself, and constitutes the very purposes for which it is made to form a part of our judicial system. In this case the judge should have said to the jury, if you believe the facts (stating them) as proven by the witnesses, and in your opinion, they constitute excess of punishment, then.the law pronounces the defendants guilty.
This would have been keeping the power of the court and jury within their proper sphere. But when the court told the jury what the result of the facts proven (if true) would be, a power was exercised not given by law, and a verdict given under the charge cannot be sustained.
We are, therefore, of the opinion that the judgment in this,case be reversed, and the cause remanded for a new trial.